### S. H. LESTER and wife v. THOMAS B. BARNETT.

HIGH COURT: PRACTICE: WHEN EXCESSIVE VERDICTS SET ASIDE WITHOUT A BILL OF EXCEPTIONS.—Where the verdict and judgment in the court below, manifestly exceed the amount sued for and claimed in the declaration, they will be set aside in this court, and a venire de novo awarded, although no motion for a new trial was made, or bill of exceptions taken in the court below. See *Brown* v. *Kelly*, 31 Miss. R. 202.

IN error to the Circuit Court of Hinds county.   Hon. John Watts, judge.

*T. J.* and *T. A. R. Wharton*, for the plaintiff in error.

*George L. Potter*, contra.

FISHER, J., delivered the opinion of the court.

This was an action in the Circuit Court of Hinds county, founded upon a promissory note for $500, and upon a domestic bill of exchange for $262 50.

The complainant prays for judgment, for the amounts of the two sums above named, and legal interest thereon.   The jury found a verdict for the sum of $1321, which sum manifestly exceeds the amount of principal and interest as claimed, by four hundred dollars or more.   The error being manifest, and the verdict greatly exceeding as it does, the amount claimed by the prayer of the complainant, the court below should have refused to render a judgment on the verdict.   Whether the case falls technically within some one of the rules for arresting a judgment or not, it is clear that it falls

within another rule, that a party can never recover more than he has claimed by his pleading.

Judgment reversed, and venire de novo awarded.